E-FILED
Friday, 28 June, 2019 04:17:16 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| DONOVAN GOSNEY,<br><br>Plaintiff,<br><br>v.<br><br>USI SOLUTIONS, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:19-cv-04132<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DONOVAN GOSNEY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of USI SOLUTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

### PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Warren County, Illinois, which is located within the Central District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant promotes itself as "a creditor's rights firm that specializes in debt collection."[1] Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business located at 925 Canal Street, Bldg 1, Bristol, Pennsylvania 19007. Defendant regularly collects from consumers in the State of Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. This instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") that Plaintiff purportedly owes.

10. Upon information and belief, the statute of limitations has passed for Plaintiff to be sued for the subject debt.

11. Around June of 2019, Defendant began collecting upon the subject debt by telephonically contacting Plaintiff.

12. Upon speaking with Defendant, Plaintiff was informed that Defendant is a debt collector attempting to collect upon the subject debt.

13. Plaintiff demanded that Defendant cease contacting him. In response, Defendant threatened to pursue "legal action" against Plaintiff to collect upon the subject debt.

---

[1] http://unitrustsolutionsinc.com/

14. Defendant's litigation threat confused Plaintiff as Defendant is time-barred from pursuing a lawsuit to collect upon the subject debt.

15. Thereafter, Defendant has continued to attempt to collect upon the subject debt by telephonically contacting Plaintiff.

16. Accordingly, Plaintiff became frustrated and confused over Defendant's conduct and spoke with Sulaiman regarding his rights, resulting in pecuniary expenses.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies contact with debt collectors, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, and association of debt collectors, since 2014.[2]

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

[2] https://www.acainternational.org/search#memberdirectory

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

25. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. On at least one occasion, Defendant threatened to initiate a lawsuit against Plaintiff to collect upon the subject debt without the intent to follow through. Defendant's lack of intent to pursue litigation against Plaintiff can be gauged by the fact that it continued to attempt to collect from Plaintiff even after it threatened to sue him. From its actions, Defendant's intentions were to collect upon the subject debt outside of the judicial process by continuing with its deceptive and coercive collection campaign. Moreover, upon information and belief, Defendant cannot pursue a lawsuit to collect upon the subject debt because the statute of limitations has passed. Consequently, Defendant cannot legally sue Plaintiff to collect upon the subject debt unless it deceptively induced him to make a payment. These false and deceptive tactics utilized by Defendant only served to worry and confuse Plaintiff.

**b. Violations of FDCPA § 1692f**

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

27. Defendant violated §1692f when it unfairly and unconscionably attempted to collect upon the subject debt by threatening to sue Plaintiff without the intent and/or lawful ability to follow

through. Any reasonable fact finder will conclude that Defendant's threat was unfair and unconscionable as it was designed to instill a sense of urgency within consumers to make a payment.

WHEREFORE, Plaintiff, DONOVAN GOSNEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 28, 2019

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Central District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com