UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DONOVAN GOSNEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>USI SOLUTIONS, INC.,<br><br>　　　　Defendant. | Case No. 4:19-cv-04132-SLD-JEH<br><br>Judge: Sara Darrow |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant USI Solutions, Inc. ("USI"), as and for its Answer to the Complaint of Donovan Gosney ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1.　In response to Paragraph 1 of Plaintiff's Complaint, USI admits that Plaintiff has brought this action alleging violations of 15 U.S.C. § 1692 et seq., the Fair Debt Collections Practices Act ("FDCPA"). USI denies that it violated any law.

2.　In response to Paragraph 2 of Plaintiff's Complaint, USI admits that the statutes referenced refer to jurisdiction, but denies that it violated any law. USI reserves the right to object to subject matter jurisdiction.

3.　In response to Paragraph 3 of Plaintiff's Complaint, USI admits that the statutes referenced refer to venue, but denies that it violated any law.

4.　USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.　USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. USI admits the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. In response to Paragraph 9 of Plaintiff's Complaint, USI admits that this action allegedly arises out of USI debt collection efforts. USI denies all remaining allegations.

10. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. USI admits the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. USI admits the allegations set forth in Paragraph 12 of Plaintiff's Complaint, upon information and belief.

13. USI denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. USI denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. USI denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. USI adopts by reference all prior paragraphs of this answer as though fully set forth herein.

19. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. USI admits the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. In response to Paragraph 23 of Plaintiff's Complaint, USI admits that Plaintiff purports to cite the referenced statutory code.

24. In response to Paragraph 24 of Plaintiff's Complaint, USI admits that Plaintiff purports to cite the referenced statutory code.

25. USI denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. In response to Paragraph 26 of Plaintiff's Complaint, USI admits that Plaintiff purports to cite the referenced statutory code.

27. USI denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which USI denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of USI.

**THIRD DEFENSE**

Any violation of any law, which USI denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

**FOURTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which USI denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against USI.

**FIFTH DEFENSE**

Plaintiff lacks Article III standing to bring this claim and therefore subject matter jurisdiction does not exist.

**SIXTH DEFENSE**

Any violation of law and resulting damages, which USI denies, resulted from the reliance upon written information that USI did not know and could not reasonably have known of the falsity or inaccuracy of the information.

**WHEREFORE,** USI prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against USI with prejudice and on the merits; and,

2. Awarding USI such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

5

Dated: August 22, 2019                                    Respectfully Submitted,


                                                          /s/Michael S. Poncin
                                                          Attorney for Defendant

Michael S. Poncin (MN Bar 296417)
MOSS & BARNETT, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN  55402
Tel: (612) 877-5000
Fax: (612) 877-5999
Mike.Poncin@lawmoss.com

## CERTIFICATE OF SERVICE

      I certify that on this 22nd day of August, 2019, a copy of the foregoing document was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Nathan C. Volheim
SULAIMAN LAW GROUP LTD
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*

                                             /s/Michael S. Poncin
                                             One of the attorneys for Defendant